**KURT G. ALME**
**First Assistant U.S. Attorney**
**U.S. Attorney's Office**
**P.O. Box 1478**
**Billings, MT 59103**
**2929 Third  Ave. North, Suite 400**
**Billings, MT 59101**
**Phone: (406) 657-6101**
**FAX: (406) 657-6989**
**E-Mail: kurt.alme@usdoj.gov**

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>             **Plaintiff,**<br><br>    **vs.**<br><br>**JODY STEPHENS,**<br><br>         **Defendant.** | **CR 09-40-BLG-RFC**<br><br>**OFFER OF PROOF** |

On April 7, 2009, the defendant is scheduled to appear before the Court to enter a plea of guilty to the charge of Misprision of a Felony, in violation of 18 U.S.C. § 4 as contained in the information filed in this case.  The United States submits this Offer of Proof to provide the factual basis for the defendant's plea.

In order for the defendant to be found guilty of this charge, the United States must prove each of the following elements beyond a reasonable doubt:

> First, the crime of mail fraud was committed by someone other than the defendant;
>
> Second, the defendant had actual knowledge of that fact;
>
> Third, the defendant failed to notify authorities of the offense; and
>
> Fourth, the defendant took an affirmative step to conceal the crime.

If called upon to prove the case at trial, the United States would present the following evidence to prove these elements:

1.     The defendant worked for a car dealership in Montana until January, 2007, serving in the roles of comptroller and office manager. She had actual knowledge of the following facts showing that her supervisor committed the crime of mail fraud.

2.     From at least September, 2005 until October, 2006 the defendant's supervisor knew that employees at the car dealership represented to customers who traded-in vehicles with outstanding loans that their loans would be paid off by the dealership.  Because the dealership was suffering financial problems and could not payoff all the loans, the supervisor told employees, including the defendant, not to payoff the loans on certain vehicles that had been traded-in.  Instead, the supervisor directed employees, including the defendant, to make payments on those loans to try to keep the loans current.

3.     The supervisor lied and directed the defendant to lie to customers who called asking why the loans on their traded-in vehicles had not been paid off.  Specifically, on or about September 13, 2006, the defendant concealed the fraud by lying to a customer and telling him that his loan was not paid off because a girl who worked at the dealership quit and another went to a different department.

4.     The supervisor also knew that employees at the dealership did not tell customers purchasing traded-in vehicles that the vehicles had outstanding liens.  The supervisor also knew that employees represented to the purchasing customers' lenders, or knew that the

purchasing customers represented to their lenders, that the purchased vehicles did not have outstanding liens when, in fact, he knew that some of them did.

5.     On or about October 5, 2006, the supervisor caused to be mailed with the U.S. Postal Service a $600 check from the dealership to Wells Fargo Bank which was holding the loan on a vehicle that had been traded-in in order to try to keep the customer current on the loan.

6.     The defendant did not as soon as possible make known the crime to someone in authority.  She did not make known the crime to anyone in authority at all until she was confronted by federal law enforcement.

DATED this 6th day of April, 2009.


WILLIAM W. MERCER
United States Attorney


 /s/ Kurt G. Alme_____
KURT G. ALME
First Assistant U.S. Attorney